Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Maureen DeBiase
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
Maureen DeBiase, on behalf of herself
and all others similarly situated,

                              Plaintiffs,

      v.

Midland Credit Management, Inc.

                            Defendant.
--------------------------------------------------------X

**CLASS ACTION
COMPLAINT**

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint

against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil

Procedure all others similarly situated, alleges as follows:

**INTRODUCTION**

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this

   action to secure redress for the debt collection practices utilized by Midland Credit

   Management Inc. ("MCM") in connection with their attempts to collect alleged debts

   from the Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection

   Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." <u>Glover v. FDIC</u>, 698 F.3d 139 (3d. Cir. 2012) (citing <u>Allen ex rel. Martin v. LaSalle Bank, N.A</u>., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Maureen DeBiase is an individual natural person who at all relevant times resided in the City of Montclair, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. MCM is a Kansas Corporation with its principal place of business located at 350 Camino De La Reina #100, San Diego, CA 92108.

10. MCM has no notable business purpose aside from purchasing and collecting consumer debt at Encore Capital Group, Inc's direction, and therefore their "principal purpose" is the collection of consumer debt.

11. The principal purpose of MCM is the collection of debts using the mail and telephone.

12. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. MCM is registered as a debt collector with the State of New Jersey.

14. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

15. Sometime prior to May 19, 2019, Plaintiff allegedly incurred a debt to Synchrony Bank ("Synchrony") related to a personal credit card account with an account number ending in 7011 (the "Debt").

16. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Synchrony.

17. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

18. Plaintiff's credit card account that was issued by Synchrony was neither opened nor used by Plaintiff for business purposes.

19. Plaintiff's personal credit card account Debt to Synchrony is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

21. The Debt went into default because of non-payment.

22. After the Debt went into default, the Debt was allegedly sold by Synchrony to MCM.

23. The Debt was in default when it was allegedly purchased by MCM.

24. MCM claims that they purchased the Debt and are now the entity to whom the Debt is owed.

25. MCM contends that the Debt is in default.

26. The Debt was in default at the time the Debt was allegedly purchased by MCM.

27. At all times relevant hereto, MCM acted in an attempt to collect the Debt.

28. On or about September 19, 2019, MCM mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as Exhibit A is a copy of the letter dated September 19, 2019 that MCM mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

29. MCM mailed the Letter as a part of their efforts to collect the Debt.

30. Plaintiff received the Letter in the mail.

31. Plaintiff read the Letter upon receipt of it in the mail.

32. The Letter was sent in connection with the collection of the Debt.

33. The Letter seeks to collect the Debt.

34. The Letter conveyed information regarding the Debt including the Balance Due, MCM Account number and a request for payment.

35. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The Letter attached as Exhibit A states in relevant part:

Congratulations! You have been <u>pre-approved</u> for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you. Pay today at MidlandCredit.com or call 877-653-5260 now.

(Emphasis in original)

37. Below this language, the Letter provides Plaintiff with three payment options as a part of the pre-approved discount program.

    a. Option 1

        i. 10% off

    b. Option 2

        i. 5% off

    c. Option 3

        i. Monthly Payments As Low As:
           $50 per month

38. The above language provided by MCM concerning Option 3 is ambiguous as to whether this is a third discount payment option or a path to full payment. Option 3 on its own appears to be a path to full payment, but after reading the statement in the Letter that all three options are offered to Plaintiff pursuant to a pre-approved "discount program", the consumer would reasonably believe that option 3 is a part of the "discount program", and therefore a discount payment option.

39. In reality, Option 3 is not a part of any "discount program" or a discount payment option. Instead, Option 3 is a path to full repayment of the Debt, despite the language in the Letter telling Plaintiff that she'd been pre-approved for a discount program and offering her payment options 1, 2, and 3 pursuant to the supposed "discount program".

40. MCM's collection practice is a high-volume practice.

41. MCM's debt collection practice is largely automated and utilizes standardized form letters.

42. Documents in the form represented by Exhibit A are regularly sent by MCM to collect debts.

43. Exhibit A is a standardized form letter.

44. Exhibit A is a letter that is generated by MCM by imputing a consumer's information into a computer program which then prints a letter in the form of Exhibit A to Plaintiff's Complaint with that consumer's information contained therein.

45. MCM mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom MCM attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §1692e)

46. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

47. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692 and 1692e(10).

48. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. Collection letters and/or notices, such as <u>Exhibit A</u> sent by Defendant to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

50. The Letter attached as <u>Exhibit A</u> violates 15 U.S.C. §1692e(10) because it is confusing and misleading. The Letter is confusing and misleading because it tells Plaintiff that she has been pre-approved for a "discount program" and then offers her three supposed discount payment options. Given that the Letter fails to unequivocally state that Option 3 is not a discount payment option or part of any "discount program", but rather is an option to pay the full account balance, the least sophisticated debtor reading the entire Letter could reasonably understand Option 3 to be a discount payment option when in reality it is not. *See* <u>Knight v. Midland Credit Mgmt, Inc</u>. 755 Fed. App'x 170, 176 (3d Cir. 2018)(finding the same when reviewing a letter from MCM with materially identical language).

51. Since a least sophisticated consumer could read Option 3 as a discount offer when it is actually not, the Letter is therefore open to multiple interpretations, one of which is inaccurate, and therefore the Letter violates § 1692e(10).

52. The ambiguity in telling consumers that they have been pre-approved for a "discount program" and then offering them three options to choose from, supposedly all as a part of the pre-approved discount program, but not telling consumers that Option 3 is not a discount payment option, but rather would result in payment of the full amount of the balance, is material because it may affect whether a debtor makes a payment and which option he or she chooses. *See* <u>Knight v. Midland Credit Mgmt, Inc</u>. 755 Fed. App'x 170, 176 (3d Cir. 2018)

53. The violations of the FDCPA described herein constitute *per se* violations.

54. Plaintiff has alleged a particularized injury because the Letter was mailed and directed to her.

55. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

56. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the above FDCPA violations.

## CLASS ALLEGATIONS

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. The Class is initially defined as (a) all consumers (b) with a New Jersey address (c) to whom MCM sent a letter which is materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) which letter sought to collect a debt originally owed to Synchrony Bank (e) which letter was not returned as undeliverable (f) on or after a date one year prior to the filing of this action; and (g) which letter included the alleged conduct and practices described herein.

60. The class definitions above may be subsequently modified or refined in an amended complaint or in any motion for class certification.

61. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form collection letter, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

    ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b)

9

Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c)

The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they

seek to represent. The claims of the Plaintiff and the members of the class

originate from the same conduct, practice, and procedure, on the part of

the Defendant. Thus, if brought and prosecuted individually, the claims of

each class member would require proof of the same material and

substantive facts. Plaintiff possesses the same interests and has suffered

the same injuries as each member of the proposed class. Plaintiff asserts

identical claims and seeks identical relief on behalf of the unnamed class

members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the

class and has no interest adverse to or which directly and irrevocably

conflicts with the interests of other members of the class. Plaintiff is

willing and prepared to serve this Court and the proposed class. The

interests of the Plaintiff are co-extensive with and not antagonistic to those

of the absent class members. Plaintiff has retained the services of counsel

who are experienced in FDCPA litigation and will adequately prosecute

this action, and will assert, protect and otherwise represent Plaintiff and all

absent class members. Neither the Plaintiff nor their counsel have any

interests which might cause them to not vigorously pursue the instant class

action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.

2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e and 1692e(10);

3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
      September 19, 2020

           /s/ Ryan Gentile

By:_____

       Ryan Gentile, Esq.
       *Attorney for Plaintiff*
       110 Jericho Turnpike – Suite 100
       Floral Park, NY 11001
       Tel: (201) 873-7675
       Fax: (516) 305-5566
       rlg@lawgmf.com